CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

MAR 0 6 2008



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| OLIN WOOTEN, <br> Plaintiff, | ) <br> ) Civil Action No. 1:07cv00052 <br> ) |
| v. | ) **ORDER** <br> ) |
| ROBERT C. LIGHTBURN, <br> Defendant. | ) By: GLEN M. WILLIAMS <br> ) SENIOR UNITED STATES DISTRICT JUDGE |

This case is before the court on the defendant's Motion for Summary Judgment, (Docket Item No. 19), and the defendant's Motion for Judgment on the Pleadings for Failure to State a Claim, (Docket Item No. 20), which were both filed on October 11, 2007.[1] The case was referred pursuant to 28 U.S.C. § 636(b)(1)(B), to the Honorable Pamela Meade Sargent, United States Magistrate Judge. On January 25, 2008, the Magistrate Judge filed a report, (Docket Item No. 49), ("the Report"), recommending that the defendant's Motion for Summary Judgment be granted as to Count I of the Second Amended Complaint, (Docket Item No. 47). Objections to the Magistrate Judge's Report were timely filed by the plaintiff on January 29, 2008. (Docket Item No. 55.) Upon review of the objections to the Report, and all other relevant filings, the court is of the opinion that the Magistrate Judge's report should

---

[1] Pursuant to Federal Rule of Civil Procedure 12(d), "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Because matters outside the pleadings have been presented to and considered by this court, each of the defendant's motions were treated as motions for summary judgment in the Magistrate Judge's Report and Recommendation. Therefore, the motions shall be collectively referred to as the Motion for Summary Judgment.

be **ACCEPTED**.

However, the undersigned also will briefly address an additional issue raised by the plaintiff. The plaintiff essentially argued that the defendant was bound by a notation on a check dated December 1, 2006, which read "for 1900+- escrow pending on field survey." (Docket Item No. 24), (Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment and Motion for Judgment on the Pleadings, ("Plaintiff's Brief"), Exhibits 3 and 6.) According to the plaintiff, the parties agreed to allow the acreage issue to remain open pending a field survey and that the purchase price would be kept in escrow pending completion of the survey. The plaintiff asserted that, by cashing the check with no objection, the defendant agreed to the notation. I disagree. Although the defendant addressed the plaintiff's argument as an accord and satisfaction issue, the court is of the opinion that the concept of accord and satisfaction is inapposite, as the notation written on the check was not an attempt to fully satisfy an outstanding debt owed to the creditor. Instead, in this case, the critical inquiry is whether the check, and the notation thereon, constitutes a sufficient writing or memorandum to remove the bar of the statute of frauds to the enforcement of this alleged oral agreement between the parties.

Pursuant to Virginia's statute of frauds, "[u]nless a promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, is in writing and signed by the party to be charged or his agent, no action shall be brought . . . [u]pon any contract for the sale of real estate[.]" VA. CODE ANN. § 11-2(6) (2006 Repl. Vol.). In general, a sufficient written memorandum of a transaction may act to remove the bar that is placed on the enforcement of certain oral

contracts. *See Drake v. Livesay*, 341 S.E.2d 186, 188 (Va. 1986) "When the bar is removed it is the oral contract which is subject to enforcement not the memorandum. Because the memorandum serves only to remove a bar to the enforcement of the oral contract, the validity of the oral contract may be established by other evidence." *Drake*, 341 S.E.2d at 188; *see also Browder v. Mitchell*, 48 S.E.2d 221, 223 (Va. 1948). As such, the court will proceed to the question of the validity of the alleged oral contract only after it is established that an adequate writing exists.

The Supreme Court of Virginia has stated that the memorandum relied upon to take a contract out of the operation of the statute of frauds must contain the essential terms of the agreement. *Reynolds v. Dixon*, 46 S.E.2d 6, 8 (Va. 1948) (internal citations omitted); *see also Murphy v. Nolte & Co., Inc.*, 307 S.E.2d 242, 245 (Va. 1983). Here, the check dated December 1, 2006, simply represented the final payment of the purchase price with a somewhat ambiguous notation purportedly referencing the acreage issue. The check was accepted by the defendant and stamped "FOR DEPOSIT ONLY" by the defendant's counsel. (Plaintiff's Brief, Exhibit 6.) However, the terms included on the check and within the notation lacked clarity and did not contain the essential terms of the agreement. Therefore, I am of the opinion that this particular check does not constitute a sufficient writing or memorandum to remove the statute of fraud's bar to enforcement of this alleged oral modification.

Moreover, in examining the evidence before the court, although the discussions and communications between the parties reveal that a dispute did arise regarding the acreage issue, the defendant communicated on more than one occasion that he did not want the acreage issue to survive closing. (Plaintiff's Brief, Exhibit 5 at 43-44.)

Thus, this court is of the opinion that the record is devoid of any evidence of an actual written modification, or of a sufficient writing or memorandum that could effectively bar the application of the statute of frauds.

For the reasons detailed in the Magistrate Judge's Report and in this Order, the defendant's Motion for Summary Judgment is hereby **GRANTED**. The Clerk is directed to enter this Order and send certified copies to all counsel of record.

**ENTERED:** This 6th day of March, 2008.

*/s/ Glen M. Williams*

THE HONORABLE GLEN M. WILLIAMS
SENIOR UNITED STATES DISTRICT JUDGE